SAMUEL KRAEMER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37822. Promulgated February 29, 1932.

*A. Calder Mackay, Esq.*, for the petitioner.
*Byron M. Coon, Esq.*, for the respondent.

## OPINION.

Lansdon: There is no controversy over the facts. The only question raised is whether the bonus of $37,500 received by petitioner during the taxable year is part of the net income from the property within the meaning of section 214 (a) (10) of the Revenue Act of 1921, which provides in part as follows:

(a) That in computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(10) \* \* \* *And provided further*, That such depletion allowance based on discovery value shall not exceed the net income, computed without allowance for depletion, from the property upon which the discovery is made, except where such net income so computed is less than the depletion allowance based on cost or fair market value as of March 1, 1913; \* \* \*

Pursuant to such section the respondent promulgated the following regulation, which is article 201 (e) of Regulations 62:

\* \* \* Net income is the gross income from the sale of all mineral products and any other income incidental to the operation of the property for the pro-

duction of the mineral products, less operating expenses, including depreciation on equipment, and taxes, but excluding any allowance for depletion. * * *

The petitioner is not here contending for depletion in respect of the bonus, but asks that he be allowed to deduct the amount of depletion sustained in the taxable year up to the full net income from the property, which, he contends, includes the bonus received. The respondent contends that the bonus is no part of the net income from the property.

The nature of a bonus paid for an oil and gas lease is discussed at some length in *Work* v. *Mosier*, 261 U. S. 352, where the question was whether a bonus received from auctioning leases on Osage Indian land was part of the income to be distributed to the tribe. In holding that the bonus was part of the income, the Supreme Court said:

The bonus which was the result of bidding for desirable and profitable oil and gas leases secured for the members of the Osage Tribe the just value of the use of their property which the fixing of royalties in advance by the President was not adapted to give them. It was in effect a supplement to the royalties already determined. It was really part of the royalty or rental in a lump sum or down payment. We do not see how it can be classified as anything else. It was income from the use of the mineral resources of the land. Of course, it involved a consumption and reduction of the mineral value of the land, but so does a royalty. This is an inevitable characteristic of income from the product of the mine. What was intended to be distributed to the members of the tribe was the income from the mineral deposits in their lands, and the bonus was part of that * * *.

As we read section 214 (a) (10) above, it seems clear that Congress intended to limit the deduction for depletion based on discovery value so that it could not be used to offset income from other sources. We do not read such section as limiting the deduction to the net income from the sale of oil and gas. The statute says " net income * * * from the property upon which the discovery is made." The plain meaning of such language, we think, supports the petitioner's contention that the depletion allowance is limited only to the total net income from the oil and gas property, which includes the bonus received. Cf. *Murphy Oil Co.* v. *Burnet*, 55 Fed. (2d) 17.

The facts of *Darby-Lynde Co.* v. *Alexander*, 51 Fed. (2d) 56, cited by the respondent in support of his position, are distinguished from those of the instant proceeding. The question there involved was whether profit from the sale of leases was part of the income from the property within the meaning of section 204 (a) (2) of the Revenue Act of 1926.

*Decision will be entered under Rule 50.*